UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BENTLY MARION II,<br><br>           Plaintiff,<br><br>     v.<br><br>EDGAR OREGEL, et al.,<br><br>           Defendants. | Case No.: 1:24-cv-00872-KES-SKO<br><br>**FIRST INFORMATIONAL ORDER IN PRISONER/CIVIL DETAINEE CIVIL RIGHTS CASE WHERE PLAINTIFF IS PROCEEDING WITH COUNSEL** |

### I.     INTRODUCTION

Plaintiff is a prisoner proceeding with counsel in this civil rights action.

In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure (Fed. R. Civ. P) and the Local Rules of the United States District Court, Eastern District of California (Local Rules), as modified by this Order. Failure to comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b).

### II.    SCREENING OF COMPLAINT

Section 1915A of Title 28 of the United States Code provides as follows:

> **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > **(2)** seeks monetary relief from a defendant who is immune from such relief.
>
> **(c) Definition.**--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

Section 1915A makes no distinction between a prisoner proceeding pro se and a prisoner represented by counsel. Therefore, this Court will screen a prisoner plaintiff's complaint in either case. *See, e.g.*, *Johnson v. Hall*, No. 2:19-cv-1752 KJN P, 2019 WL 4392413, at *1 (E.D. Cal. Sept. 13, 2019) ("The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, regardless of whether plaintiff is presented by counsel"); *Garcia v. Greenleaf*, No. 2:16-cv-0269 DB P, 2017 WL 1153039, at *1 (E.D. Cal. Mar. 27, 2017) (screening represented state prisoner's complaint in § 1983 action); *Munoz v. California Department of Corrections*, No. 1:16-CV-01103-LJO-MJS, 2016 WL 6298533, at *1 (E.D. Cal. Oct. 27, 2016) (screening former state prisoner's complaint who is represented by counsel in § 1983 action). Screening of a prisoner plaintiff's complaint will occur whether the filing fee has been paid or whether the prisoner plaintiff is proceeding *in forma pauperis*. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (the Prison Litigation Reform Act (PLRA) of 1996 requires federal district courts "to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners"); *see also Pruitt v. Bobbala*, No. 2:20-cv-0632 KJM AC P, 2023 WL 2277540, at *1 (E.D. Cal. Feb. 28, 2023) (quoting same).

This Court screens prisoner plaintiff complaints as expeditiously as possible. However, this Court has an extremely large number of prisoner plaintiff civil rights cases pending before it, and delay is inevitable. The complaint will be screened in due course.

### III. SERVICE OF COMPLAINT

Typically, until screening of the complaint has been completed and the Court has determined the complaint states a cognizable claim or claims upon which relief can be granted, no summons issue nor are service of process efforts attempted.

Here, the Court notes that, prior to the redesignation of this action from a 440 case to a 550 case, summonses were issued in this action. To the extent service of process efforts are underway, counsel for Plaintiff shall serve a copy of this Order, along with the summons and complaint, if possible.

Further, in the event service of process is completed prior to the required screening, once the Court has screened the complaint, and if it finds a cognizable claim or claims, the Court will issue an order, either separately or concurrently with its screening order, directing defendants to file a responsive pleading.

### IV. DISCOVERY

The Court will issue a Discovery and Scheduling Order after defendants have filed an answer to the complaint. Further, the Court may delay the issuance of a Discovery and Scheduling Order by staying the action briefly for possible referral to early alternative dispute resolution proceedings.

The Discovery and Scheduling Order will provide deadlines for the filing of motions concerning the exhaustion of administrative remedies, the completion of all discovery, the filing of amended pleadings, and the filing of pre-trial dispositive motions. No discovery may be initiated until the Court issues its discovery order or otherwise orders that discovery begin.

### V. HEARINGS

All pre-trial motions will be submitted for decision based solely upon the written papers and without a hearing. *See* Local Rule 230(*l*). Further, Local Rule 230(*l*) sets out the schedule for briefing on motions.

//

//

//

3

**VI.     DEADLINES**

Absent good cause, all Court deadlines are strictly enforced.

Requests for extensions of time must be filed before the deadline expires and must state good reason for the request. *See* Local Rule 144.

IT IS SO ORDERED.

Dated:   **August 6, 2024**                             /s/ *Sheila K. Oberto*
                                                                           UNITED STATES MAGISTRATE JUDGE