UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BENTLY MARION II,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EDGAR OREGEL, et al.,<br><br>　　　　　Defendants. | Case No.: 1:24-cv-000872-KES-SKO<br><br>**ORDER STRIKING ORDER SETTING MANDATORY SETTLEMENT CONFERENCE**<br><br>(Doc. 5)<br><br>**ORDER VACATING INITIAL SCHEDULING CONFERENCE SET FOR OCTOBER 31, 2024** |

Plaintiff Carl Bently Marion II is a prisoner proceeding with counsel in this civil rights action.

**I.　　INTRODUCTION**

Plaintiff filed his complaint on July 30, 2024. (Doc. 1.) Summonses and new civil case documents issued the following day. (Docs. 2-5.)

On August 1, 2024, the Court issued its Order Directing Clerk's Office to Re-Designate Action From 440 (Civil Rights: Other) to 550 (Conditions of Confinement). (Doc. 6.)

**II.　　DISCUSSION**

Considering the redesignation of this action from a 440 action to a 550 action, the Court will strike the Order Setting Mandatory Scheduling Conference issued July 31, 2024 (Doc. 5) and

will vacate the Initial Scheduling Conference set for October 31, 2024. The Court will issue new case documents for this prisoner civil rights action—rather than those issued for a regular civil action—separately.

The complaint in this action is subject to screening pursuant to 18 U.S.C. § 1915. Whether Plaintiff is represented by counsel is not relevant because "[t]he court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, regardless of whether plaintiff is represented by counsel." *Parks v. Rolfing*, No. 2:15-cv-1505-CKD-P, 2018 WL 2128393, at *2 (E.D. Cal. May 9, 2018); *Rios v. Dragon*, No. 2:20-cv-00146-ADA-HBK (PC), 2022 WL 11324595, at *1, 3 (E.D. Cal. Oct. 19, 2022) (citing *Parks v. Rohlfing* and denying motion to dismiss as premature because court has not yet screened complaint); *Munoz v. California Department of Corrections*, No. 1:16-CV-01103-LJO-MJS, 2016 WL 6298533, at *1 (E.D. Cal. Oct. 27, 2016) (screening former state prisoner's complaint who is represented by counsel in § 1983 action); *see also Rojas v. Brown*, No. 1:17-cv-01514-DAD-JLT, 2021 WL 4811180, at *1 (E.D. Cal. Oct. 15, 2021); *Johnson v. Hall*, No. 2:19-cv-1752-KJN-P, 2019 WL 4392413, at *1 (E.D. Cal. Sept. 13, 2019); *Medina v. Kernan*, No. 1:19-cv-00345-DAD-JLT, 2021 WL 5179899, at *2 (E.D. Cal. Nov. 8, 2021). Although at least one judge of this district has found the screening of complaints to be optional when plaintiffs are proceeding with counsel (*see Simmonds v. CDCR*, 49 F.Supp.3d 700, 701 (E.D. Cal. 2014)), this Court is unaware of any decision barring the screening of a represented prisoner's complaint.

### III. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The Order Setting Mandatory Scheduling Conference issued July 31, 2024 (Doc. 5) is **STRICKEN**;

2. The Initial Scheduling Conference set for October 31, 2024, at 9:30 a.m., is **VACATED**;

3. The Court will issue new case documents for this prisoner civil rights action separately; and

4. The Court will screen Plaintiff's complaint (Doc. 1) filed July 30, 2024, in due course[1] and pursuant to 28 U.S.C. § 1915A(a).

IT IS SO ORDERED.

Dated:  **August 6, 2024**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised this Court is one of the busiest district courts in the nation and dozens of prisoner civil rights complaints await screening. All judges in this district carry heavy caseloads and delays are inevitable.