UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BENTLY MARION II,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EDGAR OREGEL, et al.,<br><br>　　　　　Defendants. | Case No.: 1:24-cv-00872-KES-SKO<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS**<br><br>**21-DAY RESPONSE DEADLINE** |

Plaintiff Carl Bently Marion II is represented by attorney Michael R. Hayden in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.   INTRODUCTION**

On May 9, 2025, this Court issued its First Screening Order. (Doc. 9.) The Court found that Plaintiff's complaint plausibly alleges an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Merritt but fails to allege any other cognizable claim against any other named Defendant. (*Id*. at 4-26.) Plaintiff was ordered to do one of the following within 21 days: (1) notify the Court in writing that he did not wish to file a first amended complaint and was willing to proceed only on his cognizable claim against Defendant Merritt; or (2) file a first amended complaint curing the deficiencies identified in the screening order; or (3) file a notice of voluntary dismissal. (*Id*. at 26-27.)  Plaintiff has failed to respond to the Court's screening order in any way.

## II. DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In the screening order, the Court found Plaintiff's complaint states a cognizable Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Merritt but fails to allege any other cognizable claim against any other named Defendant. Plaintiff was given three choices: (1) to proceed on the claim found cognizable by the Court with the remaining claims to be dismissed; *or* (2) to file a first amended complaint, curing the deficiencies identified in the screening order; *or* (3) to file a notice of voluntary dismissal. More than 21 days have elapsed, yet Plaintiff has taken no action, nor has he otherwise contacted the Court.

## III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order. Alternatively, within that same time, Plaintiff may respond as directed in the Court's May 9, 2025, screening order.

//

//

//

**Failure to comply with this order to show cause will result in a recommendation that this action be dismissed for a failure to a failure to comply with court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated:   **June 3, 2025**                                /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE

3