UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BENTLY MARION II,<br><br>    Plaintiff,<br><br>    v.<br><br>EDGAR OREGEL, et al.,<br><br>    Defendants. | Case No.: 1:24-cv-00872-KES-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 10)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS FOLLOWING SCREENING**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Carl Bently Marion II is represented by attorney Michael R. Hayden in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.     BACKGROUND**

On May 9, 2025, this Court issued its First Screening Order. (Doc. 9.) The Court found that Plaintiff's complaint plausibly alleges an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Merritt but fails to allege any other cognizable claim against other named Defendant. (*Id*. at 4-26.) Plaintiff was ordered to do one of the following within 21 days: (1) notify the Court in writing that he did not wish to file a first amended complaint and was willing to proceed only on his cognizable claim against Defendant Merritt, with the remaining claims against any defendant to be dismissed; or (2) file a first

amended complaint curing the deficiencies identified in the screening order; or (3) file a notice of voluntary dismissal. (*Id*. at 26-27.)

On June 3, 2025, when Plaintiff did not respond to the screening order, the Court issued its Order to Show Cause (OSC) in Writing Why This Action Should Not Be Dismissed for Plaintiff's Failure to Obey Court Orders. (Doc. 10.)  On June 4, 2025, Plaintiff filed a response to the OSC. (Doc. 11.)

**II.    DISCUSSION**

In his response to the OSC, Plaintiff's counsel states he has been unable to communicate directly with Plaintiff "to update Plaintiff on the next course of action" due to Plaintiff's incarceration. (Doc. 11 at 1.) Counsel adds that "this matter has been on 'hold' with the Court since August 7, 2024" when the Court issued its Order Striking Order Setting Mandatory Settlement Conference and Order Vacating Initial Scheduling Conference Set for October 31, 2024 (*see* Doc. 8), and that order is the "last correspondence" he received "approximately ten months ago." (*Id*.)

Plaintiff's counsel states his firm received a blank Amended Complaint form in the mail (on an unidentified date) and now realizes that the screening order was filed electronically on May 9, 2025.[1] (*Id*. at 2.) Counsel states Plaintiff does not wish to amend the complaint and asks the Court to "proceed on the claim found cognizable by the Court with the remaining claims to be dismissed." (*Id*. [emphasis omitted].)

The Court construes Plaintiff's response to the OSC to be a notice to proceed on the claim found cognizable by the Court. For all the reasons set forth in the Court's First Screening Order (Doc. 9) issued May 9, 2025, the Court will recommend that this action proceed on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Merritt only, with the remaining claims against any defendant to be dismissed.

---

[1] Plaintiff's counsel was served with the Court's First Screening Order electronically on May 9, 2025, at 3:45 p.m., to michael@unitethepeople.org.

### III.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court **HEREBY RECOMMENDS** that:

1. This action **PROCEED** *only* on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Merritt;

2. Defendants Carlson, Cerda, Doe #1, Doe #2, Fishburn, Garcia, Gray, Hales, Moreno, Nicholson, Oberst, Oregel, Rocha, Sherman, and Ward be **DISMISSED** from the action;[2] and

3. Any remaining claims in Plaintiff's complaint against any defendant be **DISMISSED.**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **June 5, 2025**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE

---

[2] Although Defendants Doe #1, Doe #2, Gary, Nicholson, Sherman, and Ward do not appear on the docket for this action, these individuals are named as Defendants in Plaintiff's complaint. (*See* Doc. 1 at 1-4; *see also* Doc. 9 at 4.)

3