UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BENTLY MARION II,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EDGAR OREGEL, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:24-cv-00872-KES-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 21)<br><br>**ORDER GRANTING REQUEST TO EXTEND TIME WITHIN WHICH TO FILE STATUS UPDATE OR, ALTERNATIVELY, TO WITHDRAW THE MOTION FOR DEFAULT**<br><br>(Doc. 22) |

Plaintiff Carl Bently Marion II is represented by counsel in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.　INTRODUCTION**

On December 16, 2025, the Court issued its Order Approving Substitution of Counsel; Directing the Clerk to Terminate Attorney Hayden; Discharging Attorney Hayden's Obligation to Serve Plaintiff; Requiring Attorney Hanagan to Serve a Copy of This Order on Plaintiff; Requiring a Status Update Regarding the Motion for Default; and Extending Plaintiff's Time to Serve Defendant Under Rule 4(m). (*See* Doc. 20.) The Court directed "Plaintiff to, within seven (7) days, either (1) file a status update indicating that he wishes to proceed with the motion for

default; or (2) withdraw the motion for default."[1] (*Id*. at 2.)

On December 30, 2025, when Plaintiff failed to respond, the Court issued its Order to Show Cause (OSC) in Writing Why Sanctions Should Not be Imposed for Plaintiff's Failure to File Status Update, or, Alternatively, to Withdraw the Motion for Default. (Doc. 21.) Later that same date, Plaintiff filed a response to the OSC. (Doc. 22.)

## II.     DISCUSSION

Plaintiff requests the Court extend the date for the filing of a status update to January 16, 2026. (Doc. 22 at 2.) Plaintiff's counsel Michael J. Hanagan states he is presently "the only full-time attorney at Unite the People, Inc.," a licensed non-profit representing incarcerated individuals throughout California in habeas, resentencing, and civil rights matters. (*Id*. at 3, ¶¶ 2-5, 7.) Counsel states that due to the holidays, he and other staff have "been in the office only intermittently." (*Id.*, ¶ 8.)

Next, counsel states that on November 19, 2025, Unite the People, Inc. learned that attorney Michael Hayden was no longer willing to represent Plaintiff in this matter. (Doc. 22 at 3, ¶ 9.) Hanagan substituted in on Plaintiff's behalf to avoid a dismissal for a failure to prosecute even though he was unfamiliar with the case. (*Id*. at 4, ¶ 10.) Difficulties following updates to counsel's "PACER and CM/ECF accounts" and a continuing delayed response to a request for assistance to the "PACER Service Center," resulted in counsel unable to familiarize himself with this matter. (*Id*., ¶¶ 11-13.) Counsel states "it is not clear that all documents filed by or sent to Mr. Hayden were uploaded into" the firm's case management software, potentially exacerbating counsel's "inability to access the Court's docket." (*Id*., ¶ 13.)

Counsel states he intends to "contact Mr. Hayden and ensure that all current issues with [Plaintiff's counsel's] access to PACER and CM/ECF are resolved in order to ensure" the firm is in possession of the "entire case file … and will review that information to become familiar with the case." (Doc. 22 at 4-5, ¶ 14.)

---

[1] "Plaintiff's Motion for Default Judgment" was filed November 25, 2025. (*See* Doc. 17.)

2

The Court finds good cause to extend the deadline for the filing of status update as directed in the Court's December 16, 2025, Order, and will discharge the OSC.

### III. CONCLUSION AND ORDER

Accordingly, for good cause shown, the Court **HEREBY ORDERS** that:

1. The Order to Show Cause issued December 30, 2025 (Doc. 21) is **DISCHARGED**;
2. Plaintiff's request to extend the deadline for filing a status update (Doc. 22) is **GRANTED**; and
3. Plaintiff **SHALL** file the required status update and/or withdraw the motion for default **no later than January 16, 2026**.

IT IS SO ORDERED.

Dated:   **January 2, 2026**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE