UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARL BENTLY MARION II,

Plaintiff,

v.

EDGAR OREGEL, et al.,

Defendants.

Case No.: 1:24-cv-00872-KES-EGC (PC)

**ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION TO VACATE THE DISCOVERY AND SCHEDULING ORDER**

(Doc. 43)

Plaintiff Carl Bently Marion II is represented by counsel in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Merritt.

## I. PROCEDURAL BACKGROUND

On May 22, 2026, this Court issued its Discovery and Scheduling Order. (Doc. 40.) Relevant here, the deadline for filing an exhaustion based summary judgment motion was set for September 22, 2026, and the deadline for completing discovery was set for January 22, 2027. (*Id.*)

On September 11, 2026, Defendant filed a motion to compel responses to interrogatories. (Doc. 41.)

On September 16, 2026, Defendant filed an Ex Parte Application to Vacate Discovery and Scheduling Order. (Doc. 43.)

## II. DISCUSSION

Defendant asks the Court to vacate its scheduling order until after the Court has ruled on her pending motion to compel. Defendant asserts that she propounded interrogatories to Plaintiff on June 16, 2026, but has received no response to date. Defendant filed a motion to compel those responses on September 11, 2026, and the motion is pending determination by the Court.[1] Defendant contends that without Plaintiff's responses to written discovery, defense counsel is unable to determine whether an exhaustion based summary judgment motion is warranted and the deadline for filing such a motion is September 22, 2026. Moreover, Defendant maintains that additional time is needed to conduct further discovery following the Court's determination of the pending motion to compel. Defendant asserts good cause exists to vacate the scheduling order, allowing Defendant to prepare pretrial dispositive motions and to conduct further discovery following determination of her pending motion to compel. (Doc. 43.)[2]

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

Here, good cause exists to vacate the scheduling order. Defendant acted diligently by propounding written discovery on June 16, 2026; nevertheless, to date, Plaintiff has failed to respond. That failure resulted in Defendant filing a motion to compel on September 11, 2026. Briefing is ongoing on the pending motion and will not be completed until after the deadline for the filing of an exhaustion based motion has passed. Further, the deadline for completing discovery has been set for January 22, 2027, but Defendant has not received responses to written

---

[1] Plaintiff's opposition is due on or before October 2, 2026, and any reply by Defendant would be due 14 days thereafter. *See* Local Rule 230(*l*).

[2] Defense counsel declares he emailed Plaintiff's counsel on September 11, 2026 "informing him [he] intended to file an ex-parte application and asked if he would stipulate to an extension. Mr. Hanagan did not respond." (Doc. 43-1 at 2, ¶ 6.)

discovery directed to Plaintiff more than three months ago. Until the Court issues its order on the pending motion to compel, discovery should be suspended because the relevant deadlines cannot reasonably be met despite Defendant's diligence. *Johnson*, 975 F.2d at 609.

In sum, the Court will grant Defendant's ex parte application, vacate the scheduling order, and will reissue a scheduling order following resolution of Defendant's pending motion to compel written discovery responses from Plaintiff.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. Defendant's ex parte application to vacate the scheduling order (Doc. 43) is **GRANTED**;
2. The Discovery and Scheduling Order issued May 22, 2026 (Doc. 40) is **VACATED**; and
3. The Court will reissue a scheduling order following determination of Defendant's pending motion to compel discovery. The motion will be decided in due course.[3]

IT IS SO ORDERED.

Dated: **September 17, 2026**

[signature]
UNITED STATES MAGISTRATE JUDGE

---

[3] This Court is operating under a continuing judicial emergency. Delays, while unfortunate, are inevitable. *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/.