UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARL BENTLY MARION II,

Plaintiff,

v.

EDGAR OREGEL, et al.,

Defendants.

Case No.: 1:24-cv-00872-KES-EGC (PC)

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO COMPEL**

(Doc. 41)

Plaintiff Carl Bently Marion II is represented by counsel in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Merritt.

## I. INTRODUCTION

On September 11, 2026, Defendant filed a motion to compel discovery. (Doc. 41.) Plaintiff did not file an opposition or otherwise respond to the motion within 21 days as required by this Court's Local Rule 230(*l*).

On October 6, 2026, Defendant filed "Defendant's Notice of Non-Opposition," noting Plaintiff has failed to respond to the pending motion to compel and requesting "that the Court consider the motion submitted." (Doc. 46.)

The Court will grant Defendant's unopposed motion to compel discovery responses.

## II. DISCUSSION

### *A. Defendant's Motion to Compel Discovery*

Briefly stated, on June 16, 2026, Defendant served interrogatories to Plaintiff. (Doc. 41 at 3.) Responses were due on or before August 3, 2026. (*Id.*) Defense counsel emailed counsel for Plaintiff on July 20, 2026, inquiring whether Plaintiff intended to serve responses to the interrogatories. (*Id.*) Counsel for Plaintiff replied that he had mailed the interrogatories to Plaintiff and was awaiting his response. (*Id.*) Plaintiff's counsel did not respond to defense counsel's follow up inquiry "asking for a time estimate." (*Id.*) On July 24, 2026, defense counsel inquired whether Plaintiff required an extension of time to respond; counsel received no response. (*Id.* at 3-4.) On August 5, 2026, after the response deadline had expired, defense counsel emailed Plaintiff's counsel to inquire about the status of Plaintiff's discovery responses. (*Id.* at 4.) Counsel for Plaintiff did not respond. (*Id.*) On August 13, 2026, defense counsel sent a meet and confer letter to Plaintiff's counsel. (*Id.*) Finally, Defendant contends that as of September 11, 2026, Plaintiff had failed to respond to the interrogatories. (*Id.*)

### *B. Applicable Legal Standards*

The Court has broad authority to manage its docket and control discovery. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("broad discretion is vested in the trial court to permit or deny discovery").

A motion to compel is appropriate where a party fails to answer interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure or to produce relevant, non-privileged documents requested pursuant to Rule 34 that are in the responding party's possession, custody, or control. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). If a party fails to respond to a discovery request, the discovering party may move for an order compelling an answer and/or production. *Id.* An evasive or incomplete answer or response to a discovery request "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P 37(a)(4).

### *C. Analysis*

Here, Plaintiff has failed to respond to Defendant Merritt's First Set of Interrogatories served June 16, 2026. Plaintiff's responses were due on or before August 3, 2026 (*see* Doc. 40 at

1 ["Responses to written discovery requests shall be due forty-five (45) days after the request is first served"]), and as of September 11, 2026, when Defendant's motion was filed with the Court, Plaintiff had still not responded. Moreover, Plaintiff has failed to file a timely opposition or statement of non-opposition to Defendant's motion. *See* Local Rule 230(*l*). Thus, the Court considers the motion unopposed.

The Court has reviewed Defendant's discovery request (*see* Doc. 41-1 at 5-9) and finds that it seeks relevant information concerning Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant. Fed. R. Civ. P. 26(b)(1). Thus, these requests are within the scope of discovery authorized by Rule 26(b), and Plaintiff must respond to them.

Plaintiff will be ordered to respond to Defendant's First Set of Interrogatories within 14 days. Plaintiff is admonished that this Court may impose sanctions for a failure to cooperate in discovery.[1] Further, Plaintiff is reminded that a failure to obey Court orders may result in dismissal of this action.[2] Lastly, Defendant will be directed to file a status report within 21 days.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. Defendant Merritt's motion to compel (Doc. 41) is **GRANTED**;
2. Plaintiff **SHALL** respond to Defendant Merrit's First Set of Interrogatories **<u>no later than 14 days from the date of service of this order</u>**; and

//

//

//

//

//

[1] *See* Doc. 40 at 1-2 ("The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules").

[2] *See* Doc. 7 at 1 ("Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case").

3. Defendant is **DIRECTED** to file a status report **no later than 21 days from the date of this order**, advising the Court as to whether (1) Plaintiff has served responses to the outstanding discovery and (2) if issuance of a scheduling order is appropriate given the status of the anticipated responses.

IT IS SO ORDERED.

Dated: **October 9, 2026**

Erin Sury Castillo
UNITED STATES MAGISTRATE JUDGE